*212
 
 By the Court.
 

 This case originated in the Municipal Court of Cleveland, where an action in replevin was brought by the Ideal Securities, Inc., for the possession of a certain Dodge automobile upon which it claimed to hold a chattel mortgage securing a claim due it which was in default. Upon trial the Municipal Court found against the Ideal Securities, Inc., and for the defendant, Peden, who had purchased the automobile in question from Terry, and Terry was dismissed from the action. On proceeding in error to the Court of Appeals, that court (one member dissenting) reversed the judgment of the Municipal Court upon the ground, as stated in the journal entry, “the same is contrary to law for the reason that plaintiff in error is entitled to subrogation.” The case is before this court for review by reason of the allowance of the motion to certify.
 

 Upon the trial of the case in Municipal Court it was developed that the Dodge automobile in question was sold by Terry to Peden on the evening of June 7 upon the following terms: $400 cash, a note for $137, and Peden’s Oldsmobile. The following day the purchase and sale was completed in accordance with those terms, payment of cash and deliveries being made pursuant thereto. The C. I. T. Corporation then and theretofore held a chattel mortgage against this automobile, executed by Terry, of which fact Terry apprised Peden, and gave assurance that he “would see that it was cleared off.” Terry, however, had on June 7 made application to the Ideal Securities, Inc., for a loan on this same Dodge automobile and duly executed to it a chattel mortgage thereon. This mortgage was not filed until June 13. On June 8, late in the afternoon, the Ideal Securities, Inc., mailed its check to the C. I. T. Corporation to satisfy its claim. Peden had checked the chattel mortgage records but did not learn of the Ideal Securities, Inc., mortgage until several weeks after the transaction, when he was informed
 
 *213
 
 by Terry of the execution of the note and mortgage to the Ideal Securities, Inc. It was upon these facts that the trial court found Peden was a subsequent purchaser for value without notice, and that his title was superior to that of the Ideal Securities, Inc., under its mortgage.. Now the Ideal Securities, Inc., seeks relief upon the ground of subrogation to the rights of the C. I. T. Corporation under its chattel mortgage on the Dodge automobile. However, the action of plaintiff below was based solely on its note and mortgage without any claim of subrogation or any evidence whatever in support of any such claim or theory. The C. I. T. Corporation mortgage was not tendered in ■evidence and no proof submitted of its execution, date, amount, when due or whether in default, and hence no establishment of rights to which the Ideal Securities, Inc., might claim subrogation. In view of the unchallenged statement of counsel that an action is now pending against Terry and Peden arising out of this identical transaction which specifically presents the claim of subrogation, the court .refrains from further discussion of the merits of such casé. It is, of course, fundamental that a reviewing court is confined to the record. It follows that the judgment of the Court of Appeals is reversed and that of the Municipal Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.